IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AYLA ROYAN,<br><br>Plaintiff,<br><br>v.<br><br>CHICAGO STATE UNIVERSITY and ELMER GENTRY,<br><br>Defendants. | Case No. 20-cv-2014<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this disability discrimination action against Chicago State University and College of Pharmacy Dean Elmer Gentry. Defendant Gentry moves to dismiss Count II, a § 1983 procedural due process claim. [59]. For the reasons stated herein, Defendant's motion to dismiss is denied.

### I. Background

The following factual allegations are taken from the Second Amended Complaint (Dkt. 56) and are accepted as true for the purposes of the motion to dismiss. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).[1] The Court discusses the facts relevant to the claim at issue.

Plaintiff Ayla Royan was a student at the College of Pharmacy at Defendant Chicago State University for a Doctor of Pharmacy degree. Dkt. 56 at ¶ 8. By 2019, she had completed more than three years of the four-year program. *Id.* at ¶ 9. During her coursework, Royan earned mostly B's and C's, and never failed a class. *Id.* at ¶

---

[1] The Court previously dismissed Count II and allowed Royan leave to re-plead. *See* Dkt. 52.

1

12. From May 2017 to September 2018, Royan took a leave of absence from school to address her eating disorder and periodic depression, which are considered medical conditions. *Id.* at ¶¶ 13-14. After returning to school, Plaintiff started a rotation with Dr. Shivani Patel. *Id.* at ¶ 18. The first four weeks of the rotation were uneventful, but during the next week Royan asked to be excused from her rotation after a difficult session with her physician. *Id.* at ¶ 20. Dr. Patel excused her absence but the next day asked why she needed to be excused. *Id.* at ¶¶ 22, 23. When Dr. Patel learned about Royan's medical condition, he stated that Royan may attempt to hurt herself. Plaintiff alleges that over the next week Dr. Patel made comments about her anxiety and told her that she should not be a pharmacist. *Id.* at ¶¶ 29, 32. Royan turned to another professor, Dr. Bishop, for counsel and while they were speaking, she cried. Dr. Bishop told her to go home. *Id.* at ¶¶ 37-38. Ten days later, Dr. Bishop and another faculty member met with her and informed her that she would receive an F in Dr. Patel's course because she left the clinic without permission. *Id.* at ¶¶ 42-44. Plaintiff was also required to meet with a doctor, social worker and third person to discuss her medical condition. *Id.* at ¶ 46. At that time, she went to complain to Defendant Dr. Elmer Gentry, the Dean of the College of Pharmacy. *Id.* at ¶ 49.

Gentry stated that "he had to be cautious, and the College could not be responsible if she hurt herself." *Id.* at ¶ 50. Plaintiff was reassigned to another professor's rotation, Dr. Kerner, despite her objection because the professor had verbally abused her in the past. *Id.* at ¶ 52. At the end of the rotation, Dr. Kerner told Royan she would fail and be dismissed from the College because her attitude was not

2

professional. *Id.* at ¶ 56. On July 23, 2019, Royan "received word" that she had been dismissed from the College. *Id.* at ¶ 58.

The College of Pharmacy Student Handbook outlines a grievance procedure for dismissed students. *Id.* at ¶ 59. The Handbook provides that students may appeal their dismissal to the Dean of the College. By August 9, 2019, Royan, through counsel, filed an appeal of her dismissal. *Id.* at ¶ 60. Royan did not receive a response. *Id.* at ¶ 82. Royan's counsel followed up with Gentry's office. At that time, Gentry's staff told Royan's counsel to contact the legal department at CSU. *Id.* at ¶ 83. Royan's counsel contacted the legal department but received no response to several phone messages or email. *Id.* at ¶ 85-86. When the second amended complaint was filed, Royan had not received a response to her appeal. *Id.* at ¶ 88.

Gentry moves to dismiss Royan's claim against him for denying her right to due process under the Fourteenth Amendment.

## II. Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6)

motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations," but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679(2009)).

### III. Analysis

Royan alleges Gentry violated her procedural due process rights guaranteed by the Fourteenth Amendment. Gentry argues that: (1) he was not personally involved in the alleged unlawful act, as required by § 1983 and; (2) "a CSU employee informed her of her right to appeal, she exercised her right to appeal, and CSU reviewed and ultimately denied her appeal." Dkt. 60 at 2, 4, 6. The Court addresses each in turn.

#### A. Personal Involvement

Gentry argues that he was not personally involved in the alleged unlawful conduct. Dkt. 60 at 4. "Individual liability under § 1983 [ ] requires personal involvement in the alleged constitutional deprivation ... An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). To state a claim for individual liability under § 1983 a plaintiff must allege that the defendant was "personally responsible for the deprivation of a constitutional right" because "he directed the conduct causing the constitutional violation, or it occurred with his knowledge or consent." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Royan alleges that Gentry, in his capacity as the Dean of the College of Pharmacy, was responsible for reviewing the appeal, making a determination and informing Royan of the decision. Dkt. 56 at ¶ 77. After Royan filed her appeal and followed up with Gentry's office, Royan was directed to contact the legal department. *Id.* at ¶ 83. Despite numerous follow-up emails from Royan's lawyers, she never received a response. *Id.* at ¶¶ 87-88. At this pleading stage, her allegations taken as a whole are sufficient to show Gentry's personal involvement.

Gentry was responsible for Royan's appeal per the student handbook. Dkt. 56 at ¶¶ 59, 77. Not only did he receive her appeal, Royan specifically contacted his staff and was directed to the legal department. *Id.* at ¶ 83. According to the Amended Complaint, Gentry failed to consider her appeal as required, or if he did, failed to inform Royan of her decision. *Id.* at ¶ 88. Royan's allegations that Gentry was

responsible for her appeal and failed to provide her that process sufficiently allege Gentry's personal involvement in the denial Royan's due process rights.

### B. The Appeal

A procedural due process claim requires "a cognizable property interest, a deprivation of that interest, and a denial of due process." *Palka v. Shelton*, 623 F.3d 447, 452 (7th Cir. 2010). Royan alleges that in response to her appeal, "Gentry has failed to hold a hearing, take evidence, or investigate the appeal, or designate any agent or person to do so." Dkt. 56 ¶ 88.

Gentry argues that dismissal of this claim is required because Royan "had the opportunity to be heard and [] CSU offered her a fair decision-making process." Dkt. 60 at 6. Gentry's *only* support for this argument is the assertion that the University denied her appeal. Gentry attaches a "copy of the response to Plaintiff's appeal" to his motion. Dkts. 60 n. 4, 60-1.

"A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n. 1 (7th Cir. 2012) (citations omitted). Defendant relies on *Mugnai v. Kirk Corp.,* 843 F. Supp. 2d 858, 861 n.5 (N.D. Ill. 2012), to argue that the letter should be considered "part of the pleadings." Dkt. 60, n.4. However, in *Mugnai* the plaintiff attached an exhibit to its complaint that was unsigned, and the defendants responded with a signed version of the same exhibit,

6

supported by a certification attesting to its accuracy and completeness, that did not contradict allegations in the complaint. *Mugnai,* 843 F. Supp. at n.4.

That is a far cry from the present case. Royan alleges that she never received any response in writing or otherwise. Dkt. 56 ¶¶ 82—88. In addition, Gentry's letter is not authenticated by any sworn declaration or affidavit. In her response brief, Royan guesses that this letter was an unsent draft.[2] It is well-settled that under Rule 12(b)(6), the Court takes the plaintiff's allegations as true, *Fortres Grand Corp.,* 763 F.3d at 700, and Gentry has not provided the Court any reason to divert from this rule.

E N T E R:

Dated: June 9, 2022

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

IV. **Conclusion**

For these reasons, Defendants' partial motion to dismiss [59] is denied.

---

[2] The Court is perplexed by Gentry's footnotes in his opening motion ("[The letter is] a copy of the response to Plaintiff's appeal…[and] clearly contradicts Plaintiff's claim for a procedural due process violation.") (Dkt. 60, n. 4) and his reply brief, ("[he] never claimed that this letter was sent to Plaintiff or her counsel. Gentry only cited to this letter to show that Plaintiff received a fair appeal process and that CSU considered her appeal.") (Dkt. 71, n. 1). Discovery has likely revealed details about this letter. But at this stage of the proceedings, it would be improper for the Court to rely on the letter.

7

E N T E R:

Dated: June 9, 2022

MARY M. ROWLAND
United States District Judge